| ORIGINAL


**FILED**

11/07/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0030

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 23-0030

**FILED**

NOV 07 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

WILLIAM M. SOLEM and ELLEN G. SOLEM,

    Plaintiffs, Appellees,
    and Cross Appellants,

v.

STATE OF MONTANA, DEPARTMENT OF
REVENUE,

    Defendant, Appellant,
    and Cross Appellee.

**O R D E R**

---

On September 24, 2024, this Court issued an opinion in the above-entitled action, reversing and remanding the District Court's October 15, 2019 Findings of Fact, Conclusions of Law and Order. *Solem v. Dep't of Revenue*, 2024 MT 217, 418 Mont. 217. Appellees William and Ellen Solem ("Solems") petitioned for rehearing pursuant to M. R. App. P. 20. The Department of Revenue opposes the petition.

M. R. App. P. 20(1)(a) provides that a petition for rehearing will be considered only on the following grounds: (1) that the Court overlooked some fact material to the decision; (2) that the Court overlooked some question presented by counsel that would have proven decisive to the case; or (3) that the Court's decision conflicts with a statute or controlling decision not addressed by the Court. The Solems assert two grounds for rehearing: (1) that our Opinion conflicts with *Peretti v. Dep't of Revenue*, 2016 MT 105, 383 Mont. 340, 372 P.3d 447; and (2) that we overlooked material facts pertaining to the testimony of their expert witnesses critiquing DOR's appraisal methodology. Having fully considered the Solems' petition, we see no basis for granting rehearing under M. R. App. P. 20(1)(a).

The Solem's first asserted ground for rehearing fails because we addressed *Peretti* in our Opinion. Mont. R. App. P. 20(1)(a)(iii) provides a basis for rehearing only if the Opinion conflicts with a statute or controlling decision *not addressed by the supreme*

*court.*" (Emphasis added.) *Peretti* was addressed at length in the Opinion, including the Solems' argument that it was distinguishable from this case. *See Solem*, ¶¶ 20-21.

The Solems' second argument is unavailing because we did not overlook the testimony of their experts. We acknowledged that the Solem's experts all disagreed in some way with the Department's methodology, but we went on to consider the fact that they failed to agree on the nature of DOR's shortcomings. *See Solem*, ¶ 22. More to the point, we noted that the District Court did not rest its determination on the purported shortcomings of DOR's methodology, as testified to by the Solems' experts, but on a metric that none of the experts—including the Solems' experts—relied upon. *See Solem*, ¶ 23. Far from overlooking material facts, our review of the record extensively considered the testimony of the Solems' experts and determined it was insufficient to overcome the long-established presumption that DOR appraisals are correct, with the burden resting on the taxpayer to disprove them. *W. Airlines v. Michunovich*, 149 Mont. 347, 353, 428 P.2d 3, 7 (1967).

Accordingly,

IT IS HEREBY ORDERED that the petition for rehearing is DENIED.

The Clerk of Court is directed to mail copies of this Order to all counsel of record.

DATED this 7th day of November, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2